UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLIFTON ALEXANDER,

    Plaintiff,

v.                                                            Case No.  4:25-cv-5-WS/MJF

FLORIDA STATE
UNIVERSITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a motion for a preliminary injunction. Doc. 2. Because Plaintiff failed to show that there is a substantial likelihood of success on the merits, the District Court should deny Plaintiff's motion.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, commenced this civil action against Florida State University. Plaintiff did not adequately allege the basis for the District Court's subject matter jurisdiction over his claim. Doc. 6. Because it is unclear if this court has subject matter jurisdiction and Plaintiff's complaint violated the Federal Rules of Civil Procedure, the

undersigned ordered Plaintiff to amend his complaint. Doc. 6; *see Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("A district court that receives a shotgun pleading should strike it and instruct counsel to replead the case . . . .").

## II. DISCUSSION

A "preliminary injunction in advance of trial is an extraordinary remedy." *Bloedorn v. Grubs*, 631 F.3d 1218, 1229 (11th Cir. 2011). The chief function of preliminary injunctions "is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *see Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974) (discussing TROs); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). To establish entitlement to a preliminary injunction, a movant must demonstrate:

   (1) a substantial likelihood of success on the merits of the underlying claim;

   (2) a substantial likelihood of suffering irreparable injury if the TRO/injunction is not granted;

>   (3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and
>
>   (4) the injunction would not disserve the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020); *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020); *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016); *Ingram v. Ault,* 50 F.3d 898, 900 (11th Cir. 1995) (discussing the requirements for issuing a TRO).

As noted above, Plaintiff's complaint was defective because it failed to establish the basis for this court's subject-matter jurisdiction, was a so called "shotgun pleading," and failed to state plausible claims for relief. Doc. 6. For these reasons, Plaintiff has not shown a substantial likelihood of success on the merits of his underlying claims. *See Valdes v. Sch. Bd. of Miami-Dade Cnty.*, 806 F. App'x 722, 724 (11th Cir. 2020) (affirming district court's dismissal of complaint as shotgun pleading and district court's denial of motion for preliminary injunction); *Raja v. Englewood Cmty. Hosp., Inc.*, No. 12-cv-2083, 2013 WL 12157136, at *2 (M.D. Fla. Apr. 9, 2013) (dismissing amended complaint as shotgun pleading, granting leave to amend, and denying preliminary injunction as moot).

For this reason alone, the District Court should deny Plaintiff's motion without prejudice. *See Keister v. Bell*, 879 F.3d 1282, 1288 (11th Cir. 2018) ("If [movant] is unable to demonstrate a substantial likelihood of success on the merits, we do not need to address the remaining preliminary injunction requirements.").

### III. Conclusion

Because Plaintiff failed to establish a substantial likelihood of success on the merits, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Plaintiff's motion for preliminary injunction without prejudice.

At Pensacola, Florida, this 11th day of February, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not**

**control.** **An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**