UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLIFTON ALEXANDER,

    Plaintiff,

v.                              Case No. 4:25-cv-5-MW-MJF

FLORIDA STATE UNIVERSITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff is an alumnus of Florida State University ("FSU"). Doc. 13. Plaintiff alleges that FSU violated the Lanham Act—specifically 15 U.S.C. § 1125—when it terminated its "Alumni Email for Life" program. Doc. 13. Because Plaintiff's claim is barred by sovereign immunity, and because Plaintiff has failed to state a claim upon which relief can be granted, the District Court should grant FSU's motion to dismiss this civil action.

## BACKGROUND

On January 7, 2025, Plaintiff, proceeding *pro se*, filed this civil action against FSU. Doc. 1. Plaintiff claimed that FSU's decision to end its "Alumni Email for Life" program by May 2025 constituted a "violation

of Federal Trade Commission regulations pursuant to deceptive practices and false advertising." *Id.* Because the complaint was a so-called "shotgun pleading," the undersigned struck the complaint and provided Plaintiff an opportunity to amend his complaint. Doc. 6.

On March 6, 2025, Plaintiff filed his first amended complaint. Doc. 13. Plaintiff asserts that in the late 2000's FSU "began advertising an 'Alumni Email for Life' program." *Id.* at 4. In 2012, Plaintiff enrolled at FSU and received a free email account. FSU decided to end its "Alumni Email for Life" program and confirmed that Plaintiff would lose access to his free alumni email account in May 2025. *Id.* at 5. Plaintiff asserts that FSU's actions violated 15 U.S.C. § 1125. Although a Plaintiff may assert several distinct claims under § 1125, Plaintiff does not specify in his complaint the type of claim he is attempting to assert against FSU. Plaintiff seeks a permanent injunction against Defendant to prevent Defendant from deleting his "Alumni Email for Life" account and damages of $50,000. Doc. 13 at 6.

### DISCUSSION

**A.      <u>Plaintiff's Claim is Barred by Sovereign Immunity</u>**

The District Court should dismiss this civil action because Plaintiff's claim is barred by sovereign immunity.

Generally, the Eleventh Amendment recognizes that states may assert sovereign immunity to civil actions against the State and its agencies unless Congress has abrogated the State's immunity. *See Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). Additionally, a plaintiff may overcome the sovereign immunity bar under the narrow exception set forth in *Ex parte Young* if he sues a state official for prospective injunctive relief to remedy ongoing violations of federal law. *Ex parte Young*, 209 U.S. 123 (1908).

State universities—such as FSU—"are 'arms of the state' and thus are entitled to Eleventh Amendment immunity." *Page v. Hicks*, 773 F. App'x 514, 518 (11th Cir. 2019); *see also Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990). In other words, FSU "receives the same Eleventh Amendment protection from suit in a federal court as the state itself." *Wang v. Fla. Atl. Univ. Bd. of Trs.*, 2017 WL 1155889, at *4 (S.D. Fla. Mar. 27, 2017).

Congress has not abrogated Florida's immunity from suits arising under 15 U.S.C. § 1125, and Florida has not waived its immunity to such suits. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 691 (1999). Furthermore, because FSU is not a state official but rather an "arm of the state," the *Ex parte Young* exception does not apply to Plaintiff's claim against FSU. *Page*, 773 F. App'x at 518; *Eubank v. Leslie*, 210 F. App'x 837, 844 (11th Cir. 2006); *Camm v. Scott*, 834 F. Supp. 2d 1342, 1348 (M.D. Fla. 2011).

Because FSU is entitled to sovereign immunity as recognized by the Eleventh Amendment, the District Court should dismiss this civil action for lack of subject-matter jurisdiction.

**B.**   **Plaintiff Fails to State a Claim Under 15 U.S.C. § 1125**

There is a second, independent reason for the District Court to dismiss this civil action: Plaintiff fails to state a claim upon which relief can be granted.

### 1.   *Plaintiff Failed to Identify the Precise Claim Asserted*

"The Lanham Act was intended to make 'actionable the deceptive and misleading use of marks,' and 'to protect persons engaged in . . . commerce against unfair competition.'" *Dastar Corp. v. Twentieth*

*Century Fox Film Corp.*, 539 U.S. 23, 28 (2003) (quoting 15 U.S.C. § 1127). Section 1125 of Title 15 of the United States "goes beyond trademark protection." *Id.* Section 1125 creates a cause of action for—among other things—trademark infringement, trademark dilution, false designation of origin, false advertising, false description of goods and services, false representation of goods and services, and cybersquatting.

Because § 1125 is a broad provision that creates multiple causes of action, a plaintiff who asserts a claim pursuant to § 1125 must specify the type of claim he seeks to assert. *Synergy Real Est. of SW Fla., Inc. v. Premier Prop. Mgmt. of SW Fla., LLC*, 578 F. App'x 959, 961 (11th Cir. 2014). Absent such specificity, to ascertain a plaintiff's intent, courts would be forced to resort to guesses, and courts "should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Indeed, Rule 8 of the Federal Rules of Civil Procedure requires clarity in pleading. *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Rule 8 requires that a plaintiff apprise the court and the defendant the type of claim asserted and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Because Plaintiff did not specify—or otherwise allege facts indicating—the type of claim he attempts to assert under § 1125, the District Court should dismiss this action for failure to state a claim upon which relief can be granted. *See Black Diamond Land Mgmt. LLC v. Twin Pines Coal Inc.*, 707 F. App'x 576, 579 (11th Cir. 2017).

### 2. *Plaintiff Fails to State a False Advertising Claim*

Even if the undersigned ventured a guess that Plaintiff is attempting to assert a false advertising claim, Plaintiff fails to state such a claim. To state a claim of false advertising under 15 U.S.C. §1125(a)(1)(B), a plaintiff must allege six essential elements:

1. the defendant made a statement;
2. the defendant's statement was false or misleading;
3. the statement deceived, or had the capacity to deceive, consumers;
4. the deception had a material effect on the consumers' purchasing decision;
5. the misrepresented service affects interstate commerce; and
6. the plaintiff has been, or likely will be, injured as a result of the defendant's false or misleading statement.

*Hi-Tech Pharmaceuticals, Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018) (quoting *Sovereign Military Hospitaller Order v. Fla. Priory of Knights Hospitallers*, 702 F.3d 1279, 1294 (11th Cir. 2012)); *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002).

As to the sixth element, a plaintiff must allege "an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140, (2014); *Black Diamond Land Mgmt. LLC*, 707 F. App'x at 580. But Plaintiff does not allege that he suffered an injury to a commercial interest in sales. Nor does he allege that he suffered an injury to his business reputation.

In response to the motion to dismiss, Plaintiff concedes that his injury is limited to FSU's termination of Plaintiff's email account and Plaintiff's disappointment in obtaining a degree from FSU. The Lanham Act is not a balm to assuage disappointment. "A consumer who is hoodwinked into purchasing a disappointing product . . . cannot invoke the protection of the Lanham Act." *Lexmark Int'l, Inc*, 572 U.S. at 132.

Because Plaintiff fails to allege an injury to a commercial interest in sale or business reputation caused by the allegedly false advertisement, Plaintiff fails to state a false advertising claim under the Lanham Act. For this reason too, the District Court, should dismiss this civil action.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Defendant's motion to dismiss; and

2. **DIRECT** the Clerk of the Court to close the file.

At Pensacola, Florida this 27th day of October 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other**

**parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**